IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, as assignee of Daviess County Metal Sales, Inc., | ) ) ) ) Case No. 25 CV 146 |
| *Plaintiff,* | ) ) |
| -v.- | ) ) |
| JOHN ELMER WAGLER d/b/a W & S CONSTRUCTION, | ) ) ) ) |
| *Defendant.* | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, ACUITY, A MUTUAL INSURANCE COMPANY ("Acuity"), as assignee of Daviess County Metal Sales, Inc. ("DC Metal"), by and through its undersigned counsel, and for its Complaint against Defendant JOHN ELMER WAGLER d/b/a W & S CONSTRUCTION ("Wagler"), states as follows:

### INTRODUCTION

1. In this action, Acuity seeks damages arising from Wagler's breach of its contractual obligations to indemnify and procure insurance for Acuity's named insured, DC Metal, for liability arising out of a subcontract between DC Metal and Wagler.

### THE PARTIES

2. Plaintiff Acuity is a mutual insurance corporation organized under Chapter 611 of the statutes of the State of Wisconsin, with its principal place of

business located in Sheboygan, Wisconsin. Acuity is, therefore, a citizen of the State of Wisconsin.

3. Acuity issued a liability insurance policy to DC Metal and brings this action as assignee of DC Metal pursuant to a written assignment of rights.

4. Defendant Wagler is a sole proprietorship with its principal place of business in Daviess County, Indiana, and is therefore a citizen of the State of Indiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Acuity and Wagler, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Southern District of Indiana, Evansville Division.

7. This Court has personal jurisdiction over Wagler because it is a citizen of Indiana.

8. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## FACTUAL ALLEGATIONS

9. DC Metal was hired to construct a building in Loogootee, Indiana, and thereafter subcontracted the work to Wagler.

10. As part of its work, Wagler constructed a wooden platform at the owner's request.

11. On August 16, 2023, Kevin Lindsey was working atop the wooden platform, when a wooden railing allegedly failed and caused him to fall approximately 25 feet. He suffered catastrophic injuries and later died.

12. The DC Metal-Wagler subcontract ("the Subcontract"), a true and correct copy of which is attached hereto as **Exhibit A**, includes the following insurance and indemnity obligations:

### CONTINUING AGREEMENT BETWEEN DAVIESS COUNTY METAL SALES, INC. AND SUBCONTRACTOR***

1. *Comprehensive General Liability Insurance.* [Wagler] shall procure and maintain in effect a policy of comprehensive general liability insurance with an insurance company approved by [DC Metal] insuring [Wagler] and [DC Metal] against liability for injury or death to persons and damage to property arising from the performance of this Contract in an amount of not less than One Million Dollars ($1,000,000.00) per occurrence and Two Million Dollars ($2,000,000.00) general aggregate. Certificates of such insurance shall be deposited by [Wagler] with [DC Metal] before commencement of any Work. Any such policy shall name [DC Metal] as additional insured.***

3. *Hold Harmless.* [Wagler] agrees to defend, indemnify and save [DC Metal] harmless from and against any and all claims, liability, costs, expenses, losses, court actions or judgments that may arise out of the performance of any Work or breach of any condition of any contract with [DC Metal] by [Wagler] or because of any act or omission of [Wagler] or of any of [Wagler's] employees, agents, subcontractors, or other third parties in any way engaged in or connected with the performance of any Work by [Wagler].

13. Everett Cash Mutual Insurance Company ("Everett") issued a general liability insurance policy to Wagler, Policy No. SCP103980, with a $1,000,000 per occurrence limit (the "Everett policy").

14. Under the terms of the Subcontract, Wagler was required to name DC Metal as an additional insured on the Everett policy and otherwise defend and indemnify DC Metal for loss arising out of performance of the Subcontract.

15. On January 23, 2024, DC Metal, through defense counsel retained by Acuity, tendered its defense and indemnity to Everett's third-party claims administrator, D.L. Dravis & Associates, Inc. ("DL Dravis"), which acknowledged receipt and stated that it would forward the tender to Everett.

16. On March 2, 2024, a second tender letter was sent to Wagler's insurance agent, Cummings Agency.

17. On May 14, 2024, Everett paid its $1,000,000 policy limit to settle the bodily injury claim solely on behalf of Wagler. The settlement release expressly reserved the claimant's rights to pursue other potentially negligent parties, including DC Metal.

18. Everett and Wagler did not notify DC Metal of the settlement, include DC Metal in settlement discussions, or obtain a release on DC Metal's behalf.

19. On September 9, 2024, the Estate of Kevin Lindsey filed a wrongful death lawsuit against DC Metal in Daviess Circuit Court, Cause No. 14C01-2409-CT-000739, alleging that DC Metal negligently designed and managed the construction of the platform and retained Wagler to build it ("the underlying lawsuit"). DC Metal has denied the material allegations in that lawsuit and asserted multiple affirmative defenses, including denial of fault and identification of nonparties at fault.

20. Wagler failed to name DC Metal as an additional insured on the Everett policy and has not provided DC Metal with the defense or indemnity required under the Subcontract in connection with the underlying lawsuit.

21. As a result of Wagler's failure to fulfill its contractual obligations, Acuity has incurred, and continues to incur, defense costs on behalf of DC Metal in the underlying lawsuit and may also be required to pay indemnity on DC Metal's behalf.

## COUNT I: BREACH OF CONTRACT – DEFENSE AND INDEMNITY

22. Acuity restates and incorporates paragraphs 1–21 as if set forth fully herein.

23. The Subcontract required Wagler to defend and indemnify DC Metal for liability arising out of the Subcontract.

24. The bodily injury claim at issue arose out of Wagler's work, and DC Metal is potentially vicariously liable for Wagler's acts or omissions.

25. Acuity has incurred defense costs on DC Metal's behalf due to Wagler's failure to provide the required indemnity.

26. Wagler has breached the Subcontract by failing to indemnify DC Metal for defense costs, which Acuity, as DC Metal's insurer and assignee, has paid.

27. As assignee, Acuity is entitled to recover the amounts it has paid.

## COUNT II: BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE

28. Acuity restates and incorporates paragraphs 1–27 as if set forth fully herein.

29. The Subcontract required Wagler to procure and maintain liability insurance naming DC Metal as an additional insured for liability for injury and death arising out of performance of the Subcontract.

30. Wagler failed to procure insurance naming DC Metal as an additional insured, as required by the Subcontract.

31. As a direct and proximate result of Wagler's breach, defense costs have been incurred on DC Metal's behalf, and DC Metal faces potential indemnity exposure in the underlying lawsuit.

32. Acuity, as assignee of DC Metal, is entitled to recover all amounts owed to DC Metal under the Subcontract, including defense and indemnity costs incurred or to be incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Acuity, as assignee of Daviess County Metal Sales, Inc., respectfully requests that the Court:

a) Enter judgment in favor of Acuity and against Wagler for all defense costs incurred on behalf of DC Metal;

b) Declare that Wagler is contractually obligated to defend and indemnify DC Metal for liability arising out of Wagler's work, including the underlying lawsuit;

c) Award Acuity its costs of suit; and

d) Grant such other and further relief as the Court deems just and appropriate.

          Respectfully submitted,

          **LINDSAY, PICKETT & POSTEL, LLC**

By:   /s/ *Brendan C. Ross*
       One of the Attorneys for Plaintiff,
       ACUITY, A MUTUAL INSURANCE
       COMPANY, as assignee of Daviess County
       Metal Sales, Inc.,

Brendan C. Ross (IN Atty #39002-45)
**LINDSAY, PICKETT & POSTEL, LLC**
2901 N Carlson Dr., Suite 375
Hammond, IN 46323
bross@lpplawfirm.com
219-230-4415